124

**COMMONWEALTH OF MASSACHUSETTS, Plaintiff**

**vs.**

**Thomas SPERRAZZA, Defendant**

**No. 77772**

Superior Court
Commonwealth of Massachusetts

**December 4, 1981**

Robert Banks, Asst. D.A, counsel for plaintiff.

Norman Zalkind, counsel for defendant.

**MEMORANDUM OF DECISION ON COMMONWEALTH'S MOTION FOR DEFENDANT TO DISCLOSE PROMISES, INDUCEMENTS, REWARDS AND CONSIDERATIONS**

The defendant is charged with the first degree murder of John Stokes at Walpole on or about June 14, 1976 (Indictment #77772, dated August 4, 1981).

On October 19, 1981, this Court allowed the defendant's motion for the Commonwealth to disclose promises, inducements, rewards and considerations. On October 1, 1981 the Commonwealth filed a motion for the defendant to disclose promises, inducements, rewards and considerations, alleging that this information "is necessary to the Commonwealth to enable it to adequately represent its position before and to the Court in regard to the defendant's pending Motion to Dismiss."

The Commonwealth argues that it is entitled to the information by reason of its rights to reciprocal discovery in accordance with Mass. R. Crim. P. 14. The defendant opposes the Commonwealth's motion to disclose on the grounds that (1) the motion is outside the bounds of discovery as delineated in Mass. R. Crim. P. 14; (2) such discovery would violate the defendant's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution; and (3) such discovery would constitute unlawful compulsory disclosure of defendant's legal theories.

Mass. R. Crim. P. 14(a)(3) permits limited reciprocal discovery by the Commonwealth in cases where discretionary discovery under 14(a)(2) has been granted to the defendant. Discovery by the Commonwealth under Mass. R. Crim. P. 14(a)(3) is limited to material which is

(i) material and relevant;
(ii) discoverable under 14(a)(2); **and**
(iii) which the defendant intends to use at trial.

Moreover, the language of Mass. R. Crim. P. 14(a)(3) indicates that while such discovery **may** be granted where conditions (i) - (iii) are satisfied, it is not a matter of right.

Here, the Commonwealth has failed to make the requisite preliminary showing that the evidence sought is relevant and material. The Commonwealth's argument on this point, to the effect that "this information could be the determining data governing the actual disposition of the case," is entirely "conclusory. (See Memorandum in Support of Commonwealth's Motion, page 3). Nor has the Commonwealth made any allegations which might support the inference that the defendant intends to use the information sought at trial. See Mass. R. Crim. P. 14(a)(3)(A).

In view of the Commonwealth's failure to make the requisite preliminary showing under Mass. R. Crim. P. 14, it is unnecessary to consider the constitutional rights of the defendant.

## ORDER

For the above stated reasons, the Commonwealth's motion for defendant to disclose promises, inducements, rewards and considerations is **DENIED.**

By the Court

**Herbert Abrams**
**Justice of the Superior Court**